IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MELISSA MAKER,** *Plaintiff*, v. **ALEXANDER DELPRADO,** *Defendant*. | Case No. 1:25-cv-01667-JRR |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Alexander Delprado's Motion to Dismiss. (ECF No. 13; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

I.  **BACKGROUND**[1]

Plaintiff Melissa Maker, who identifies herself as a federal law enforcement officer, initiated this action in the District Court of Maryland for Anne Arundel County, seeking a peace order against Delprado, "Acting Assistant Port Director" and her manager. (ECF No. 5; the "Petition.") In particular, Plaintiff states that on May 2, 2025, she was sitting in her office in Baltimore, Maryland, when Delprado, in his full uniform and with his firearm, knocked on her closed door. *Id.* at pp. 1–2. When she opened the door, Defendant told her that he "needed to look at [her] government phone." *Id.* at p. 2. His "tone [and] demeanor was [sic] aggressive," and he "positioned his body just outside the doorway, blocking [her] ability to be able to leave." *Id.* Plaintiff states that she twice "tried to close the door to retrieve the phone," but Defendant

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Petition. (ECF No. 5.) *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

"blocked" her from doing do so by putting his foot in the door. *Id.* Plaintiff then told Defendant that she "was going to close the door [and] he needed to move his foot," which he then did, so Plaintiff closed the door and retrieved the phone. *Id.* Plaintiff alleges she "was scared for [her] physical safety and for [her] life." *Id.*

Plaintiff filed her Petition for Peace Order in the District Court of Maryland for Anne Arundel County, on May 9, 2025. That same day, the district court entered a Temporary Peace Order (ECF No. 1-3), barring Defendant from, *inter alia*, falsely imprisoning Plaintiff, contacting Plaintiff, and going to Plaintiff's place of employment. Defendant subsequently removed the action to this court on May 23, 2025.[2] (ECF No. 1.) He then filed his Motion. (ECF No. 13.)

## II.     LEGAL STANDARD

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). "In determining whether jurisdiction exists, 'the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue.'" *Id.* at 176 (quoting *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)).

---

[2] Notwithstanding this case's removal on May 23, 2025, on May 27, 2025, Judge Laura M. Robinson of the state District Court denied Plaintiff's Petition for Peace Order and found that Plaintiff could not meet the burden of proof for entry of a Final Peace Order. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"). As a result, this court directed Plaintiff to show good cause why her Petition should not be dismissed due to mootness. (ECF No. 15.) Plaintiff failed to respond. While this action appears moot as a practical matter where the state District Court adjudicated Plaintiff's Petition and Plaintiff has not sought to pursue the Petition in this court, the court is cognizant that upon Defendant's notice of removal, the state court was required to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). The Fourth Circuit has explained that this process "deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void *ab* initio." *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013). As such, the court will address the Motion at issue and finds, even absent mootness concerns, that this court lacks jurisdiction.

Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same).  Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.  "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

Defendant here mounts a facial challenge to the court's exercise of jurisdiction, arguing that Plaintiff's Petition is barred by operation of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").  "[B]ecause Plaintiff bears the burden of establishing the Court's subject matter jurisdiction, she also 'bears the burden of pointing to an unequivocal waiver of immunity.'" *Nabinett v. United States*, No. CV JKB-20-1357, 2023 WL 3168353, at *4 (D. Md. Apr. 28, 2023) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

III. **ANALYSIS**[3]

Defendant moves to dismiss this action because "sovereign immunity precludes the injunctive relief [Plaintiff] is seeking." (ECF No. 13-1 at pp. 3–5.) Plaintiff has not responded to the Motion.

"Absent a waiver of sovereign immunity, the Federal Government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). Because "[a] suit against a government officer in [his] official capacity is really 'a suit against the official's office,' . . . officers acting within their authority generally also receive sovereign immunity." *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Relevant here, the Federal Tort Claims Act ("FTCA") "creates a limited waiver of the United States' sovereign immunity, generally making the Government liable in tort 'in the same manner and to the same extent as a private individual under like circumstances.'" *Clendening v. United States*, 19 F.4th 421, 426 (4th Cir. 2021) (quoting 28 U.S.C. § 2674). However, as this court has previously recognized, while the FTCA "waives immunity for suits seeking monetary damages," it "does not waive immunity for injunctive relief." *Perkins v. Dennis*, No. CV TDC-16-2865, 2017 WL 1194180, at *2 (D. Md. Mar. 30, 2017) (first citing 28 U.S.C. § 1346(b)(1); then citing *Hendy*, 555 F. App'x. at 226); *Cf. Hendy*, 555 F. App'x. at 226 (noting that a sought state law injunction that would prohibit a supervisor from going to her federal workplace "is inconsistent with the principle of federal

---

[3] This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

supremacy to allow such interference with the performance of a federal employee's duties" and further "in prohibiting a federal employee from entering her federal workplace, waiving sovereign immunity would disturb the federal agency's internal functions" and thus "could not have been Congress's intent"). Based on principles of sovereign immunity, "federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace, to restrain the conduct of a co-worker at a federal office." *Perkins*, 2017 WL 1194180, at *2 (discussing cases).

As an initial matter, Plaintiff's Petition fails to assert facts (accepted as true) to show that this action should not be treated as a suit against the United States. Plaintiff's Petition concerns workplace conduct by Defendant as her supervisor and his request to review her government device. (ECF No. 5 at p. 2.) Plaintiff specifies her concern as limited to her work environment. *Id.* at p. 3. She notably does not seek to enjoin Defendant from going to her home address; instead she seeks to bar Defendant only from going to their shared place of work. *Id.* Based on the foregoing, the court treats this action as one against the United States. *See Perkins*, 2017 WL 1194180, at *2 (treating petition for peace order against federal employee as an action against the United States where plaintiff did not establish the action "should not be treated as one against the United States"). Further, where Plaintiff seeks injunctive relief, she has failed to establish an applicable waiver of sovereign immunity. *See id.* and *Hendy*, 555 F. App'x. at 226, *supra*.

Accordingly, in failing to identify an applicable waiver of sovereign immunity, Plaintiff has failed to establish this court's jurisdiction. This action will therefore be dismissed.

## IV.   CONCLUSION AND ORDER

Accordingly, it is this 5th day of November 2025,

**ORDERED** that the Petition (ECF No. 5) shall be, and is hereby, **DISMISSED**.

Madam Clerk shall **CLOSE** this case and transmit a copy of this order to Plaintiff.

/s/
Julie R. Rubin
United States District Judge